1  Mark B. Mizrahi (State Bar #179384)
   mmizrahi@brookskushman.com
2  **BROOKS KUSHMAN P.C.**
   6701 Center Drive, Suite 610
3  Los Angeles, CA 90045
   Tel: (310) 348-8200; Fax: (310) 846-4799
4
5  Marc Lorelli *(Pro Hac Vice)*
   mlorelli@brookskushman.com
6  Kevin J. Heinl *(Pro Hac Vice)*
   kheinl@brookskushman.com
7  **BROOKS KUSHMAN P.C.**
   1000 Town Center Drive, Twenty-Second Floor
8  Southfield, MI 48075-1238
   Tel: (248) 358-4400; Fax: (248) 358-3351
9  *Attorneys for Plaintiff Magnadyne*

10  Frank Frisenda
    frankfrisenda@aol.com
11  **FRISENDA, QUINTON & NICHOLSON**
    11601 Wilshire Boulevard, Suite 500
12  Los Angeles, CA 90025
    Tel: (702) 792-3910; Fax: (702) 436-4176
13  *Attorney for Best Buy and Ever Win International*

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **MAGNADYNE CORPORATION,** a California corporation,<br><br>**Plaintiff / Counter-Defendant**<br><br>vs.<br><br>**BEST BUY CO., INC.,** a Minnesota corporation,<br><br>**Defendant / Counter-Plaintiff.**<br>_____<br><br>**EVER WIN INTERNATIONAL CORPORATION,** a California corporation,<br><br>**Plaintiff / Counter-Defendant,**<br><br>vs.<br><br>**MAGNADYNE CORORATION,** a California corporation, and **DOES 1 through 10, inclusive**<br><br>**Defendants / Counterclaimants.** | **Consolidated Civil Actions**<br>**Case No. CV 09-1763 AHM (VBKx)**<br>**Case No. CV 09-1937 AHM (VBKx)**<br><br>**PROTECTIVE ORDER** |

**Protective Order**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), and pursuant to the stipulation of the parties, it is hereby ORDERED THAT:

**Information Subject To This Order**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material that is produced or disclosed by a producing party to a receiving party; which the producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, reasonably considers to constitute or to contain trade secrets as defined in California Civil Code § 3426.1 or other proprietary, business or commercial information within the meaning of Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party. Only the following information or documents may be designated as "CONFIDENTIAL INFORMATION" under this Order: manufacturing bills of materials; detailed product specifications; quality control documents; supplier agreements, pricing and volumes; business plans that include competitive intelligence; sales documentation; pricing information and underlying strategies and tactics; and unit and dollar volume for each particular product and profit margins.

2. For purposes of this Order, "CONFIDENTIAL -- COUNSEL ONLY" shall mean information or material that is produced or disclosed by a producing party to a receiving party; which constitutes proprietary financial or technical information or commercially sensitive competitive information that the producing party maintains as highly

confidential within its business. Only the following categories of documents may be designed "CONFIDENTIAL -- COUNSEL ONLY" under this Order: business plans that include competitive intelligence; pricing information and underlying strategies and tactics; and detailed financial and profit information.

3. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party. Any document or tangible thing containing or including any CONFIDENTIAL -- COUNSEL ONLY may be designated as such by the producing party by marking it "HIGHLY CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party. CONFIDENTIAL INFORMATION and/or CONFIDENTIAL -- COUNSEL ONLY may sometimes be referred to herein as "Protected Material."

4. Inadvertent or unintentional production of documents or information containing CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY that are not designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If a producing party inadvertently discloses or produces any information that it deems to be CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY without so designating the information, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing. The receiving party shall thereafter treat the CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY as if it had always been so designated under this Protective Order. To the extent that, prior to having been informed by the producing party, such information may already have been disclosed to persons not authorized to see the CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons. The receiving party shall bear no liability to the producing party, however, for the actions of third parties to

whom such confidential information was disclosed prior to designation of such information as such by the producing party.

5. Testimony or information disclosed at a deposition that contains CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY may be designated as such by indicating on the record at the deposition the portions of the testimony containing such information. There shall be no wholesale designation of transcripts as CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY merely because portions of the transcript contain CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY. Alternatively, the producing party may designate testimony or information disclosed at a deposition, including exhibits, that contain CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY by notifying all parties in writing, within twenty (20) days after the producing party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record only and persons in attendance at the deposition, from the taking of the deposition until twenty (20) days after the actual receipt of the transcript by the producing party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said twenty (20) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

6. Any court reporter or videographer who reports, transcribes or videotapes testimony in this action shall not disclose any CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY, except pursuant to the terms of this Order. To the extent that CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY is used in depositions or at hearings, in the absence of an order entered by the Court to the contrary, such information shall remain subject to the provisions of this Order, along with the

transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein. The parties in conjunction with the Court will discuss whether certain protection of this Order for CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY should be embodied in a Protective Order that covers the trial in this matter.

7. In the event that any CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY is used in any court proceeding in this action, such information shall not lose its protection hereunder through such use. The confidentiality of such materials shall be protected **or not protected** as determined and directed by the Court.

8. All CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 4, shall be designated by the producing party by informing the receiving party of the designation in writing.

9. Any documents (including physical objects) made available for initial inspection by outside counsel of record for the receiving party prior to producing copies of selected items shall be considered, as a whole, to constitute CONFIDENTIAL -- COUNSEL ONLY and shall be subjected to this Order. Thereafter, the producing party shall have a reasonable time which shall not exceed 10 days to review and designate the appropriate documents as CONFIDENTIAL INFORMATION, or CONFIDENTIAL -- COUNSEL ONLY prior to furnishing copies to the receiving party.

10. The following information is not CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY:

(a) any information which at the time of disclosure to a receiving party is in the public domain;

(b) any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law;

4

(c) any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(d) any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY, and

(e) any information that the Court concludes does not qualify for protection under Fed. R. Civ. P. 26(c).

## No Waiver Of Privilege

11. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the producing party shall add the inadvertently produced document(s) to a log in accordance with Fed.R.Civ.P. 26(b)(5), the receiving party shall immediately return all copies (except as explained below) of such inadvertently produced document(s) and shall immediately destroy the content of any such inadvertently produced document(s) in any receiving party work product. The receiving party shall not use such information for any purpose until further Order of the Court. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. To do so, the receiving party may retain a copy of the inadvertently produced document(s) for submission to the Court. The challenge shall not assert as a ground for production the fact or circumstances of the

1  inadvertent production or any information about the contents of the materials that was gained
2  due to the inadvertent production.  The protections against waiver of applicable privileges set
3  out in this paragraph are in addition to the protections provided under Fed. R. Evid. 502(b).

### Discovery Rules Remain Unchanged

5     12.    Nothing herein shall alter or change in any way the discovery provisions of the
Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective
Order does not make that individual available for deposition or any other form of discovery
outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local
Rules, or any other applicable order of this Court.

### Persons Authorized To Receive Confidential Information
### And Highly Confidential Information

13.    CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

   (a)    the parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

   (b)    counsel for the parties identified as follows: Sam Talpalatsky for Magnadyne and Dawn Bander and other in-house counsel for Best Buy.

   (c)    subject to the requirements of paragraphs 15-17 herein, consultants and experts who have been retained by the receiving party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current employees of the receiving party;

   (d)    subject to the requirements of paragraph 18, up to two (2) current employees or officers of the receiving party with responsibility for managing or evaluating this case, following identification of each employee or officer to each of the other parties;

  (e) graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party;

  (f) data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

  (g) the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

  14. CONFIDENTIAL -- COUNSEL ONLY shall be disclosed only to the following persons:

  (a) the parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

  (b) counsel for the parties identified as follows: Sam Talpalatsky for Magnadyne and Dawn Bander and other in-house counsel for Best Buy.

  (b) subject to the requirements of paragraphs 15-17 herein, consultants and experts who have been retained by the receiving party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current employees of the receiving party;

  (c) graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party;

  (d) data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

7

      (e)    the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

      15.    Prior to disclosure of any Protected Material to any consultant or expert, the receiving party shall first give written notice to the producing party, who shall have five (5) business days after such notice is given (plus three (3) business days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission) to object in writing. The party desiring to disclose Protected Material to a consultant or expert shall provide the curriculum vitae of such individual and shall include the following information about such individual in the written notice:

      (a)    business address;

      (b)    business title;

      (c)    business or profession;

      (d)    any previous or current relationship (personal or professional) with any of the parties; and

      (e)    a listing of other cases in which the individual has testified (at trial or deposition), and all companies with which the individual has consulted or by which the individual has been employed, within the last four years.

      16.    No Protected Material shall be disclosed to such consultant or expert until after the expiration of the foregoing notice period.

      17.    If during the notice period the producing party serves an objection upon the receiving party desiring to disclose Protected Material to the consultant or expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection. The producing party objecting to disclosure of Protected Material to the individual shall provide an explanation of the basis of its objection, and consent to the disclosure of Protected Material to the individual shall not be unreasonably withheld. If a producing party objects to the disclosure of Protected Material to a consultant or expert, the receiving party and

producing party shall meet and confer pursuant to Local Rule 37-1 regarding the objection within three (3) business days after such objection is served. If the parties cannot come to an agreement, the producing party shall have seven (7) business days to serve the receiving party with the producing party's portion of a joint stipulation under Local Rule 37-2. The parties shall thereafter follow the procedures set forth in Local Rule 37 to file the joint stipulation for resolution by the Court whether the consultant or expert shall be precluded from having access to the producing party's Protected Material, or for other appropriate relief. If the producing party fails to serve a written objection or to serve its portion of the joint stipulation within the prescribed periods above, then any objection to the disclosure of Protected Material to the consultant or expert is waived, and any Protected Material may be thereafter disclosed to such individual. No document designated by a producing party as Protected Material shall be disclosed by a receiving party to a consultant or expert until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by the outside counsel of record for the party that has retained the consultant or expert, but need not be disclosed to any other party.

18. Prior to disclosure of any Protected material to any current employee or officer of the receiving party, outside counsel of record for the receiving party shall first obtain from such individual a signed Confidentiality Agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by outside counsel of record for the receiving party, and a copy of which shall be produced to the producing party within seven (7) calendar days after execution.

19. Prior to disclosure of any Protected Material to any graphics, translation, design, jury and/or trial consulting services, including mock jurors, data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases, mediators, and court reporters or videographers not employed by the Court, any such individual or an authorized representative of any such entity must execute a written Confidentiality Agreement in the form appended hereto as Attachment A.  Such agreement shall be retained by the outside counsel of record obtaining it, but need not be disclosed to any other party.

20. In the event of a disclosure of any Protected Material to a person or persons not authorized to receive such information under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify the producing party and provide all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

### Challenges To Confidentiality Designations

21. The parties will use reasonable care when designating documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The parties shall exercise such care on a document-by-document basis and shall not designate documents or other items CONFIDENTIAL or HIGHLY CONFIDENTIAL en masse.  Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

22. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel of record for the producing party, and shall particularly identify the

documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve such disputes promptly and informally. If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. The party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality.

### Limitations On The Use Of Confidential Information And Highly Confidential Information

23. CONFIDENTIAL INFORMATION and CONFIDENTIAL -- COUNSEL ONLY shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

24. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY of which such person has prior knowledge. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning any document containing CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY of a producing party that establishes on its face or is established from other documents or testimony to have been previously received from or communicated to the person. Any such persons shall not be allowed to retain any CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY disclosed under this paragraph.

25. One cannot file a document under seal automatically. All documents containing or attaching Protected Material that are to be filed with the Court, including briefs

and other pleadings, shall be filed in accordance with Local Rule 79-5. Such documents shall be placed in sealed envelopes or other appropriate sealed containers on which a copy of the caption from this lawsuit shall be affixed, stating on it "Confidential - Subject to Protective Order" or "Attorneys' Eyes Only - Subject to Protective Order" and a statement substantially in the following form:

> This envelope contains information designated as Protected Material under the governing Court Protective Order and is not to be opened, and the contents axe not to be displayed or revealed, except by order of the Court presiding over this matter.

26. All Court orders will be presumptively available to the public. Therefore, if a protective order provides that evidence may be filed under seal and if a party does file such evidence under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential. This will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

27. Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY.

### Non-Party Use Of This Protective Order

28. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit. However, non-parties to this lawsuit who designate material or information under this Protective Order shall not thereby obtain the right to have access to any CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY produced by any party to this lawsuit.

**Miscellaneous Provisions**

29. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

30. In the event that the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

31. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each receiving party shall, at its option, either return to the producing party or destroy all physical objects and documents that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by a producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY; provided, that all CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain one copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. At the request of the producing party, a representative of the receiving party shall certify under oath that such documents have been destroyed within sixty (60) days of the final determination of this action.

32. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter

of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY for enforcement of the provisions of this Order following termination of this litigation.

33. This Order shall be binding upon the parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

34. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. This Order is only for the benefit of the parties to this litigation. The Court shall take appropriate measures to protect CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY at trial and any hearing in this case.

35. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, the Protective Order will be treated as though it had been "So Ordered."

36. The United States District Court for the Central District of California, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning CONFIDENTIAL INFORMATION or CONFIDENTIAL -- COUNSEL ONLY produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

_____/s/_____
Dated: October 06, 2009            UNITED STATES MAGISTRATE JUDGE

14

1  Mark B. Mizrahi (State Bar #179384)
   mmizrahi@brookskushman.com
2  **BROOKS KUSHMAN P.C.**
   6701 Center Drive, Suite 610
3  Los Angeles, CA 90045
   Tel: (310) 348-8200; Fax: (310) 846-4799
4
   Marc Lorelli *(Pro Hac Vice)*
5  mlorelli@brookskushman.com
   Kevin J. Heinl *(Pro Hac Vice)*
6  kheinl@brookskushman.com
   **BROOKS KUSHMAN P.C.**
7  1000 Town Center Drive, Twenty-Second Floor
   Southfield, MI 48075-1238
8  Tel: (248) 358-4400; Fax: (248) 358-3351
   *Attorneys for Plaintiff Magnadyne*
9
   Frank Frisenda
10 frankfrisenda@aol.com
   **FRISENDA, QUINTON & NICHOLSON**
11 11601 Wilshire Boulevard, Suite 500
   Los Angeles, CA 90025
12 Tel:  (702) 792-3910; Fax: (702) 436-4176
   *Attorney for Best Buy and Ever Win International*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **MAGNADYNE CORPORATION,** a California corporation,<br><br>    **Plaintiff / Counter-Defendant**<br><br>    vs.<br><br>**BEST BUY CO., INC.,** a Minnesota corporation,<br><br>    **Defendant / Counter-Plaintiff.**<br>_____<br><br>**EVER WIN INTERNATIONAL CORPORATION, a California corporation,**<br><br>    **Plaintiff / Counter-Defendant,**<br><br>    vs.<br><br>**MAGNADYNE CORORATION, a California corporation, and DOES 1 through 10, inclusive**<br><br>    **Defendants / Counterclaimants** | **Consolidated Civil Actions**<br>**Case No. CV 09-1763 AHM (VBKx)**<br>**Case No. CV 09-1937 AHM (VBKx)**<br><br>**EXHIBIT A TO PROTECTIVE ORDER–**<br><br>**CONFIDENTIALITY AGREEMENT** |

I, _____, state:

1. I reside at _____.

2. My present employer is _____, and my present occupation or job title is _____.

3. I have read and understood the Protective Order dated _____, 2008, entered in this case, and I agree to be bound by its terms.

4. I agree to abide strictly by the limitations of the Protective Order in the maintenance, disclosure and use of any information that I receive that has been designated under the Protective Order.

5. I agree to be subject to the authority of the United States District Court for the Central District of California in the event of any violation of this agreement or dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____    Signature _____