Emmett J. McMahon (*pro hac vice*)
EJMcMahon@rkmc.com
Scott M. Flaherty (*pro hac vice*)
SMFlaherty@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Amy M. Churan, Bar No. 216932
AMChuran@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Defendant
BEST BUY CO., INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAGNADYNE CORPORATION, a California corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>BEST BUY CO., INC., a Minnesota corporation,<br><br>　　Defendant.<br><br>EVER WIN INTERNATIONAL CORPORATION, a California corporation,<br><br>　　Plaintiff/Counterdefendant,<br><br>v.<br><br>MAGNADYNE CORPORATION, a California corporation, and DOES 1 through 10, inclusive,<br><br>　　Defendants/Counterclaimants. | Consolidated Civil Actions<br>Case Nos. CV-09-1763 AHM (VBKx)*<br>　　　　　　　CV-09-1937 AHM (VBKx)<br><br>**BEST BUY'S MEMORANDUM SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND REPORT OF FORMER PATENT EXAMINER JAMES M. GANDY**<br><br>**Hearing Date:** June 7, 2010<br>**Time:** 11:00 a.m.<br>**Place:** Courtroom 14<br><br>**Discovery Cutoff:** March 15, 2010<br>**Pretrial Conference:** June 7, 2010<br>**Trial:** June 22, 2010 |

//

//

## INTRODUCTION

Best Buy moves to exclude proffered expert James M. Gandy, a former patent examiner, on the grounds he does not have the proper experience or training to qualify as an expert under Rule 702 of the Federal Rules of Evidence. Over the past 32 years, Mr. Gandy has examined applications for design patents and determined whether or not information in them is patentable. (Flaherty Decl., Ex. 3, Gandy Report ¶¶ 1-2 and Ex. 4, Gandy Resume.) The Federal Circuit has explicitly rejected the idea that a person knowledgeable about patent law and procedure should qualify as an expert without any additional technical knowledge or experience in the actual field of art. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008) (*reh'g denied* Jan. 22, 2009). Likewise, Mr. Gandy is only knowledgeable in patent law and procedure. As a consequence, Mr. Gandy's report and testimony should be excluded under Rule 702 or, additionally, as irrelevant under Rule 402 of the Federal Rules of Evidence. Like the situation articulated in *Sundance*, the admittance of Mr. Gandy's testimony would "serve[] only to cause mischief and confuse the factfinder." *Id.* at 1362; *see* Fed. R. Evid. 403. Best Buy's motion in limine to exclude the testimony and report of former patent examiner James M. Gandy should be granted.

## ARGUMENT

This is a design patent case. Plaintiff alleges that Best Buy infringes its design patent, U.S. Design Patent No. D522,457 ("'457 patent"). (Compl. ¶¶ 7, 11-12.) The design of Best Buy's Rocketfish™ cell phone charger allegedly infringes Plaintiff's design patent. (*Id.*)

This Court exercises discretion to exclude expert testimony that is unreliable or otherwise lacks proper foundation. Courts are charged with a "gatekeeper role"—the objective of which is to ensure that that only expert testimony that is both reliable and relevant is presented to the trier of fact. *Daubert v. Merrell Dow*

CV-09-1763 AHM (VBKx)*
CV-09-1937 AHM (VBKx) -2- BEST BUY'S MEMORANDUM SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND REPORT OF JAMES M. GANDY

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991) ("Admission of expert testimony is within the discretion of the trial court."). Rule 702 of the Federal Rules of Evidence outlines the standard for admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Mr. Gandy has 32 years of experience as a former patent examiner with the Patent and Trademark Office. (*See* Flaherty Decl., Ex. 3, Gandy Report ¶ 1 and Ex. 4, Gandy Resume.) Over the course of his career at the Patent and Trademark Office, Mr. Gandy has examined applications for design patents and determined whether or not information in them is patentable. (Flaherty Decl., Ex. 3, Gandy Report ¶¶ 1-2 and Ex. 4, Gandy Resume.) This Court should exclude Mr. Gandy's testimony and report because Mr. Gandy, as a former patent examiner, is only knowledgeable about patent law and procedure. (*See id.*) The testimony of a former patent examiner—with his knowledge of patent law—will not assist the trier of fact to decide issues on infringement and invalidity. *See* Fed. R. Evid. 702. Since Mr. Gandy fails the test of admissibility under Rule 702, his testimony and report must be excluded. *See Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008) (*reh'g denied* Jan. 22, 2009).

While Plaintiff may argue that serving as a patent examiner is sufficient experience or expertise to allow Mr. Gandy's testimony and report at trial, the Federal Circuit has explicitly rejected this argument. In *Sundance, Inc. v. Demonte Fabricating Ltd.*, the defendant wished to call a patent attorney as a technical expert with extensive experience in patent law and procedure to opine on issues including

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

infringement, invalidity, anticipation and obviousness. 550 F.3d at 1360. The district court allowed the testimony, but the Federal Circuit reversed on appeal, holding that the district court's failure to grant plaintiff's motion *in limine* to exclude the testimony constituted an abuse of discretion. *Id*. at 1361.

In explaining its decision, the Federal Circuit stated that "[a]dmitting testimony from a person . . . with no skill in the pertinent art, serves only to cause mischief and confuse the factfinder. Unless a patent lawyer is also a qualified technical expert, his testimony on these kinds of technical issues is improper and thus inadmissible." *Id*. at 1362. As a result, *Sundance* articulates that it constitutes an abuse of discretion to allow a witness with experience in patent law and procedure to testify as an expert on issues such as invalidity and noninfringement unless the witness is qualified as an expert in the pertinent art. *Id*. at 1363. Without the requisite technical expertise, such testimony fails the test of admissibility under Rule 702. *Id*.

Like the proffered expert in *Sundance*, Mr. Gandy, a former patent examiner, lacks the requisite skill and knowledge to be an expert opining on infringement and invalidity in this case. Over the past 32 years, Mr. Gandy has examined applications for design patents and determined whether or not information in them is patentable. (Flaherty Decl., Ex. 3, Gandy Report ¶¶ 1-2 and Ex. 4, Gandy Resume.) Mr. Gandy is only knowledgeable in patent law and procedure. (*See id.*) As a result, his report and testimony fails the admissibility test under Rule 702, and should also be excluded under Rule 402 of the Federal Rules of Evidence as not relevant. *See* Fed. R. Evid. 702; Fed. R. Evid. 402 ("Evidence that is not relevant is not admissible at trial.").

But even assuming Mr. Gandy's report or testimony has minimal probative value, allowing Mr. Gandy to testify would result in substantial and unfair prejudice to Best Buy and could confuse the jury. As the Federal Circuit explained,

"[a]llowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand." *Sundance*, 550 F.3d at 1364-65. Given the unfair prejudice and confusion to the jury that would result from such jockeying, the Federal Circuit has made it clear that this is not permissible. *Id.*; *see* Fed. R. Evid. 403.

## CONCLUSION

For the reasons stated above, Best Buy respectfully requests that the Court grant its motion *in limine* to exclude the testimony and report of former patent examiner James M. Gandy.

Respectfully submitted,

DATED: May 10, 2010     **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /s/ Michael A. Geibelson
Emmett J. McMahon *(pro hac vice)*
Michael A. Geibelson
Amy M. Churan
Scott M. Flaherty *(pro hac vice)*

Attorneys for Defendant
BEST BUY CO., INC.