Mark B. Mizrahi (State Bar #179384)
mmizrahi@brookskushman.com
**BROOKS KUSHMAN P.C.**
6701 Center Drive, Suite 610
Los Angeles, CA 90045
Tel: (310) 348-8200; Fax: (310) 846-4799

Marc Lorelli *(Pro Hac Vice)*
mlorelli@brookskushman.com
Kevin J. Heinl *(Pro Hac Vice)*
kheinl@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center Drive, Twenty-Second Floor
Southfield, MI 48075-1238
Tel: (248) 358-4400; Fax: (248) 358-3351

*Attorneys for Plaintiff Magnadyne*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **MAGNADYNE CORPORATION, a California corporation,**<br><br>**Plaintiff / Counter-Defendant**<br><br>**vs.**<br><br>**BEST BUY CO., INC., a Minnesota corporation,**<br><br>**Defendant / Counter-Plaintiff.**<br>___<br>**EVER WIN INTERNATIONAL CORPORATION, a California corporation,**<br><br>**Plaintiff / Counter-Defendant,**<br><br>**vs.**<br><br>**MAGNADYNE CORPORATION, a California corporation, and DOES 1 through 10, inclusive**<br><br>**Defendants / Counterclaimants** | **Consolidated Civil Actions**<br>**Case No. CV 09-1763 AHM (VBKx)**<br>**Case No. CV 09-1937 AHM (VBKx)**<br><br>**MAGNADYNE CORPORATION'S BRIEF IN OPPOSITION TO BEST BUY'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF FORMER PATENT EXAMINER JAMES M. GANDY**<br><br><u>Hearing</u><br>Date: June 7, 2010<br>Time: 11:00 A.M.<br>Place: Courtroom No. 14<br><br>Opposition Brief due: May 17, 2010<br>Reply Brief due: May 24, 2010<br>Trial: June 22, 2010<br><br>**MOTION *IN LIMINE*** |

# I. <u>OPPOSITION BRIEF</u>

Best Buy seeks to exclude the testimony of James M. Gandy in its entirety based on its assertion that: "Mr. Gandy, a former patent examiner, lacks the requisite skill and knowledge to be an expert opining on infringement and invalidity in this case." (Dkt. #126-1, p. 4.) Best Buy relies exclusively on *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1361 (Fed. Cir. 2008). In *Sundance*, the Federal Circuit held that Mr. Bliss, a **patent <u>attorney</u>**, did not even have a "suggestion of relevant technical expertise" should be excluded.

Best Buy does not advise the Court that on February 5, 2010, the Federal Circuit distinguished *Sundance* and held that a **patent <u>examiner</u>**, like Mr. Gandy, has "relevant technical expertise" and should <u>not</u> be excluded. *SEB S.A. v. Montgomery Ward and Co., Inc.*, 594 F.3d 1360, 1373 (Fed. Cir. 2010). The Federal Circuit held that the experience of a 31-year veteran of the Patent Office "comes nowhere close to the unusual situation in *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008)." *Id*. at 1373.

In *Sundance*, 550 F.3d at 1363, the Federal Circuit stated: "A witness possessing merely ordinary skill will often be qualified to present expert testimony in both patent trials and more generally." Here, Best Buy's design expert has stated that one of ordinary skill in the art could have an industrial design degree but <u>no</u> work experience. (Lorelli Decl., Ex. 18, p. 6-7.) Mr. Gandy is educated in design. Mr. Gandy received a Bachelor of Science in Architectural Design Technology from Temple University. (Dkt. # 134, Ex. 3.)[1] Unlike Mr. Bliss in *Sundance*, Mr. Gandy <u>is</u> one of ordinary skill in the art on the basis of education alone.

---

[1] Industrial design and architectural design technology are quite similar, and include much of the same foundational training. In fact, one car charger designer deposed in this case explained that he had a degree from "the College of Architecture at ASU . . . in the Industrial Design Program." (Ex. 19, Lord 47:5-6)

Not only does Mr. Gandy have the appropriate education to opine as an expert, Mr. Gandy has spent 32 years working with product designs in the Patent Office. Mr. Gandy has substantial experience reviewing, analyzing and comparing designs – as an Examiner, Supervisor and as a Design Patent Practice Specialist at the Patent Office. (Dkt. # 134, Ex. 3.) Mr. Gandy's work in the Patent Office provides him highly relevant experience and skill in the appropriate field: product design. *SEB S.A.*, 594 F.3d at 1373. Just like Mr. Van Horn's "31 years in various capacities" at the Patent Office permitted him the relevant experience to testify as an expert in *SEB S.A.*, Mr. Gandy's 32 years does the same here. *Id.* Unlike Mr. Bliss in *Sundance*, Mr. Gandy has relevant experience and skill in the relevant field.

Best Buy's motion to exclude James M. Gandy should be denied.

Respectfully submitted,

BROOKS KUSHMAN P.C.

By /s/ Marc Lorelli

Marc Lorelli *(Pro Hac Vice)*
Kevin J. Heinl *(Pro Hac Vice)*
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400
Fax: (248) 358-3351
Email: mlorelli@brookskushman.com
kheinl@brookskushman.com

*Attorneys for Plaintiff*

Dated: May 17, 2010