Emmett J. McMahon *(pro hac vice)*
EJMcMahon@rkmc.com
Melissa M. Wendland *(pro hac vice)*
MMWendland @rkmc.com
Scott M. Flaherty *(pro hac vice)*
SMFlaherty@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Amy M. Churan, Bar No. 216932
AMChuran@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Attorneys for Defendant
BEST BUY CO., INC.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MAGNADYNE CORPORATION, a California corporation,

Plaintiff,

v.

BEST BUY CO., INC., a Minnesota corporation,

Defendant.

EVER WIN INTERNATIONAL CORPORATION, a California corporation,

Plaintiff/Counterdefendant,

v.

MAGNADYNE CORPORATION, a California corporation, and DOES 1 through 10, inclusive,

Defendants/Counterclaimants.

Consolidated Civil Actions
Case Nos. CV-09-1763 AHM (VBKx)*
CV-09-1937 AHM (VBKx)

**BEST BUY'S REPLY MEMORANDUM SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND REPORT OF FORMER PATENT EXAMINER JAMES M. GANDY**

**Hearing Date:** **June 7, 2010**
**Time:** **11:00 a.m.**
**Place:** **Courtroom 14**

**Discovery Cutoff:** **March 15, 2010**
**Pretrial Conference:** **June 7, 2010**
**Trial:** **June 22, 2010**

//

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**ARGUMENT**

Plaintiff's proffered expert James M. Gandy has nothing to offer the jury regarding the underlying technology in this case. In trying to salvage its expert, Magnadyne relies upon a case in which an examiner was allowed to testify based on *his technical expertise*. Yet, at the same time, Magnadyne ignores the fact that Mr. Gandy's Rule 26[1] Report relies upon procedures and rules applicable to the Patent and Trademark Office ("PTO"), such as the Manual of Patent Examining Procedure, the duty to disclose, the "Patent Academy," the roles of Supervisory Patent Examiners ("S.P.E."), and Mr. Gandy's role in training patent examiners. (*See* Dkt. 131, Ex. 3, Gandy Report.) Not once does Mr. Gandy rely upon any technical skills or experience in his Report. (*Id.*)

Magnadyne relies upon *SEB S.A. v. Montgomery Ward and Co., Inc.*, 594 F.3d 1360, 1373 (Fed. Cir. 2010). In that case, the witness had technical expertise in "fiber technology, electric photography, and structural and nonstructural laminates . . . ." *Id.* at 1373. The witness explained that his technical experience was relevant because the claimed invention "'involves the selection of particular … polymer material that have certain characteristics' and that 'most of the areas [he has] worked in . . . have used polymers in one form or another.'" *Id.* The expert did not offer opinions on issues such as patent validity, materiality, anticipation, and obviousness. *Id.* Contrary to Magnadyne's suggestion, the court did not hold that a patent examiner has relevant technical expertise and should be allowed to testify. Rather, the court focused on the expert's level of *technical* expertise—the fact that the proffered expert happened to be a patent examiner was not material.

This case comes nowhere near the situation in *Montgomery Ward.* Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure required Mr. Gandy to produce

---

[1] Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

a report disclosing a complete statement of all opinions "and the basis and reasons for them" and his "qualifications" for those opinions. Not once did Mr. Gandy attribute any of his proffered opinions to architectural design, industrial design, or any other type of design or other technical expertise. While Magnadyne's opposition brief references "architectural design" in a footnote, the only reference to architectural design *in his Rule 26 Report* is one line in an attached resume, wherein Mr. Gandy simply discloses that he obtained a degree in Architectural Design Technology from Temple University. (*See* Dkt. 131, Ex. 3 at Ex. A, p.1.) But, Mr. Gandy does not rely upon that degree that he earned in 1972. Rather, his opinions are based on the "statutory authorization for designs," (Dkt. 131, Ex. 3 at ¶ 12), MPEP 1504 (*Id.* at ¶ 13), the Court's Claim Construction Order (*Id.* at ¶ 15), Chapter 2000 of the MPEP (*Id.* at ¶ 17), the "Duty of Disclosure" in 37 C.F.R. 1.56 (*Id.* at ¶¶ 18-21), the responsibility of "Supervisory Patent Examiners" during prosecution (*Id.* at ¶ 23), the training given to examiners at the "Patent Academy" (*Id.* at ¶¶ 24 - 25), his expertise in training other examiners to examine in accordance with the MPEP (*Id.* at ¶¶ 26, 29), and what a "reasonable examiner" would have done had he or she been presented with the prior art iGo charger (*Id.* at ¶ 27).

The foregoing bases of Mr. Gandy's opinions are not technical. But the non-technical basis for his opinions does not stop there. Among other things, he also opines:

- "A reasonable examiner would not consider the iGo Car charger to be important . . . ." (*Id.* at ¶ 27.);
- "If I or any other reasonable examiner had been presented . . . ." (*Id.* at ¶ 27.);
- "I would consider the iGo charger to be nothing more than cumulative . . . ." (*Id.* at ¶ 28.);

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- "I personally worked on drafting revisions to the MPEP . . . ." (*Id.* at ¶¶ 29, 39.);
- "As explained in the MPEP . . . ." (*Id.* at ¶ 41.);
- "I would not make a *prima facie* rejection under Section 102 . . . ." (*Id.* at ¶ 37.).

As evidenced by these numerous statements, Mr. Gandy's proffered opinions are directed more to the examination process and the mindset of a reasonable patent examiner and not to technical issues and the mindset of one of ordinary skill in the art.

Clearly, Magnadyne's argument that Mr. Gandy relied upon "technical experience" is belied by every single paragraph in his Rule 26 Report. Not once does he invoke his college degree from 1972 or any *technical expertise*. In fact, being that Rule 26 requires Mr. Gandy to recite his qualifications for his opinions, Mr. Gandy stated as follows:

> <u>Qualifications</u>
>
> Broad legal and technical background *in examining design patent applications* with more than 32 years experience at the United States Patent and Trademark Office. Expert knowledge of design patent *examination practice and procedure and the application of statutes, rules and relevant case law* for determining patentability of a design claim. Extensive *speaking experience* on behalf of the Patent and Trademark Office regarding the *filing and examination of design patent applications* to various audiences such as the American Intellectual Property Law Association, Independent Inventors Conference and the Visiting Scholars program.

(Dkt. 131, Ex. 3 at Ex. A, p.1) (emphasis added.) *See* Fed. R. Civ. P. 26(a)(2)(B).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

In *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364-65 (Fed. Cir. 2008) (*reh'g denied* Jan. 22, 2009), the Federal Circuit reversed a district court's refusal to exclude testimony of a witness that relied upon patent law and procedure, rather than technical skill. As shown in his Rule 26 Report, Mr. Gandy's opinions are based on patent law and procedure. He never invokes any identifiable technical expertise as a basis for any opinion. In fact, Mr. Gandy's report does not even define, explain or offer any opinion as to who would qualify as a person having ordinary skill in the art. (*See* Dkt. 131, Ex. 3.) His opinions are no different than those that were proffered in *Sundance*, and they must be excluded.

**CONCLUSION**

For the reasons stated above, Best Buy respectfully requests that the Court grant its motion *in limine* to exclude the testimony and report of former patent examiner James M. Gandy.

Respectfully submitted,

DATED: May 24, 2010

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Emmett J. McMahon
Emmett J. McMahon *(pro hac vice)*
Michael A. Geibelson
Amy M. Churan
Melissa M. Wendland *(pro hac vice)*
Scott M. Flaherty *(pro hac vice)*

ATTORNEYS FOR DEFENDANT
BEST BUY CO., INC.